JAMES LEE KENNEDY *vs.* THE DELAWARE COTTON COMPANY, a corporation existing under the laws of the State of Delaware.

*Personal Injuries—Pleading—Demurrer—Machine ; In what Respect Dangerous—Particularity of Description—Notice or Warning—Specific Machine to be Mentioned.*

1. A count in a declaration which averred that the deceased was employed in a place unsafe and dangerous to the life and limb of the deceased, to wit, at, near or on a certain machine, known as a calender, and the appliances connected therewith, they being uncovered, unprotected and moved by steam power; *held*, insufficient.

2. A count which averred that the defendant negligently and carelessly suffered and permitted a certain calender to be out of order and repair, whereby the deceased was greatly injured, and by means of the premises instantly killed; *held* insufficient because it does not specify in what respect the defendant omitted to provide for the repair or keeping in repair the machine.

3. A count which averred that the defendant negligently and carelessly omitted to provide for a certain machine in the said factory known as a calender sufficient tools, instrumentalities and proper guards for the protection of the deceased, whereby

the deceased was so greatly bruised and injured that he afterwards died; *held* insufficient because it does not state what the defendant omitted to provide that he should have provided.

4. A count which averred that the defendant negligently and carelessly started, or put in motion, the said machine, without giving proper notice or warning to the deceased, whereby etc., *held* insufficient because it does not designate any particular machine. The declaration must notify the defendant of what he is to meet.

*(June 1, 1903.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Levin F. Melson* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, May Term, 1903.

ACTION ON THE CASE (No. 56, February Term, 1902), by the father of the deceased for damages for the latter's death, alleged to have been occasioned by the negligence of the defendant.

Demurrer.

The narr consisted of seven counts ; all of which were demurred to by the defendant except the second count.

The allegations contained in the first count of the narr were, *inter alia*, as follows :

" 1. For that Whereas, heretofore, to wit, at the time of the committing of the grievances hereinafter mentioned, the said The Delaware Cotton Company, the defendant above named, was and still is a corporation existing under the laws of the State of Delaware, in control of and operating a certain factory, at the City of Wilmington, in the County of New Castle aforesaid, and the said plaintiff's son, James Lee Kennedy, was then and there a minor hired and employed by the said defendant to work for it in its said factory. And the said plaintiff avers that heretofore, to wit, on the twenty-fifth day of October, A. D. 1901, at New Castle County

aforesaid, the said James Lee Kennedy, then and there a minor under the age of fourteen years and a half, to the knowledge of said defendant, was employed by said defendant in a certain room in its said factory known as the finishing room, and that the said defendant then and there negligently and carelessly, in violation of law, employed the said James Lee Kennedy in a place unsafe and dangerous to the life and limb of him, the said James Lee Kennedy, to wit, at, near or on a certain machine, known as a calender, and the appliances connected therewith, they being then and there uncovered, unprotected and moved by steam power, and thereby and by means of the premises, the said James Lee Kennedy, who was then and there in the exercise of due care and caution on his part, to wit, on the day and year aforesaid, at New Castle County aforesaid, was caught, bruised, mangled and instantly killed by said machine and appliances," etc.

The demurrers to the first count were as follows:

1.   That the said count is uncertain and indefinite.

2.   That there is no connection between the alleged negligence of the defendant and the injury to James Lee Kennedy set forth in said count.

3.   That it does not appear from the said count in what particular said defendant has violated any law of the State of Delaware.

4.   It does not appear therefrom what appliances were uncovered or unprotected.

*Mr. Hilles:*—My cause of demurrer to that count is that it is uncertain and indefinite.

LORE, C. J. :—We think that the first count is sufficient. It avers that the deceased was employed at the place or machine

known as a calender with the appliances connected therewith, which was dangerous to life, being then and there uncovered, unprotected and moved by steam power, and that by means of the premises said James Lee Kennedy was caught, bruised, mangled and instantly killed by the said machine and the appliances.

We overrule the demurrer as to that count.

*Mr. Hilles :*—I will ask leave to plead to that count. Now we come to the third count, which states as to the calender that " the said defendant negligently and carelessly suffered and permitted a certain calender to be out of order and repair, whereby the said James Lee Kennedy, who was then and there engaged in his occupation as aforesaid, and at work upon the said calender, in the exercise of due care and caution on his part, was by reason of said calender so being out of order and repair as aforesaid, thereby greatly injured, and  *  *  *  by means of the premises instantly killed," etc.

The defendant is not informed by that count whether the deceased was hurt with the same calender that was out of order, nor is it alleged in what particular it was out of order and repair.

*Clark vs. Diamond State Steel Company, 2 Pennewill, 522.*

LORE, C. J. :—The third count comes directly within the decision in the case of *Clark vs. Diamond State Steel Company.*

We sustain the demurrer to the third count, because the narr does not specify in what respect the defendant omitted to provide for the repair or keeping in repair the machine.

*Mr. Melson :*—That will apply also to number six.

LORE, C. J.:—The demurrer as to number three and number six is sustained.

*Mr. Hilles :*—The fourth count alleges " that the defendant negligently and carelessly omitted to provide for a certain machine

in the said factory, known as a calender, sufficient tools, instrumentalities and proper guards for the protection of the said James Lee Kennedy, working thereon, whereby the said James Lee Kennedy, who then and there, to wit, on the twenty-fifth day of October, 1901, at New Castle County aforesaid, in the exercise of due care and caution on his part, was so greatly bruised and injured that he afterwards, to wit, on the same day died, of, and from the bruises and injuries, so received as aforesaid," through the negligence of the said defendant, etc.

The demurrers to that count are:

1. It does not appear therefrom what tools, instrumentalities or proper guards should have been placed on the said calender.

2. There is no connection between the allegation of negligence in the said count and the injury to the said James Lee Kennedy.

LORE, C. J.:—That count does not state what the defendant omitted to provide that he should have provided. The narr must give the defendant reasonable notice of what he is to meet.

We sustain the demurrer to number four.

*Mr. Hilles*:—The fifth count alleges that the said plaintiff " was in the said factory at, near or on one certain machine of the said defendant. That the said defendant then and there knew, or by the exercise of due care and caution should have known, of said James Lee Kennedy's said situation and position, yet the said defendant, in disregard of its duty to him in that behalf, negligently and carelessly started, or put in motion, the said machine, without giving proper notice or warning to the said James Lee Kennedy, whereby the said James Lee Kennedy, who was then and there in the exercise of due care and caution on his part, to wit, on the day and year aforesaid, at New Castle County aforesaid, was thereby crushed and killed," etc.

*Mr. Hilles:*—Our demurrers to that count are:

1.   That the said count is uncertain.

2.   It does not appear therefrom what duty, if any, the de
fendant owed to the said James Lee Kennedy as to giving notice
of the starting of the said machine.

LORE, C. J.:—That count is insufficient because it does not
designate any particular machine.   The declaration must. notify
the defendant of what he is to meet.

We sustain the demurrers to the fifth count.

*Mr. Hilles:*—The seventh count is similar to the sixth—not
stating the name of the machine.

LORE, C. J.:—We have just ruled upon that.   It must
specify the machine.

We overrule the demurrer to the first count, and sustain the
demurrers to the third, fourth, fifth, sixth and seventh counts.

At the election of the plaintiff's counsel judgment of *respon-
deat ouster* is entered, leave being given defendant to amend.